# UNITED STATES DISTRICT COURT
# IN THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MELISSA GOJCAJ,

    Plaintiff,

v.

JP MORGAN CHASE BANK, N.A.
and FEDERAL NATIONAL
MORTGAGE ASSOCIATION,

    Defendants.

Case No.

Honorable

---

| | |
|---|---|
| Justin G. Grove (P71253)<br>Attorney for Plaintiff<br>GROVE AND ASSOCIATES PC<br>28000 Woodward Ave., Ste 201<br>Royal Oak, MI 48067<br>P: (248) 744-5005<br>F: (248) 744-4440<br>justin@thelawshow.com | David M. George (P68812)<br>Alison L. Carruthers (P77745)<br>Attorneys for Defendants JP Morgan<br>  Chase Bank, N.A and Federal<br>  National Mortgage Association<br>DYKEMA GOSSETT PLLC<br>2723 South State St., Suite 400<br>Ann Arbor, MI 48104<br>P: (734) 214-7660<br>dgeorge@dykema.com<br>acarruthers@dykema.com |

---

## NOTICE OF REMOVAL TO FEDERAL COURT

TO:  Clerk of the Court
       All parties and counsel of record

Defendants JP Morgan Chase Bank, N.A. ("Chase") and Federal National Mortgage Association ("FNMA") (collectively "Defendants"), by and through their attorneys, Dykema Gossett PLLC, hereby remove this action pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446 from the Oakland County Circuit Court of Michigan to the United States District Court for the Eastern District of Michigan, Southern Division. In support of this Notice of Removal, Defendants state as follows:

1. On or about November 3, 2014, Plaintiff Melissa Gojcaj ("Plaintiff") commenced this action against Defendants styled *Melissa Gocjaj vs. JP Morgan Chase Bank, N.A. and Federal National Mortgage Association* in the Oakland County Circuit Court of Michigan (Case No. 2014-143858-NZ).

2. A copy of the Complaint and Plaintiff's Motion for a Temporary Restraining Order and Show Cause Order for Preliminary Injunction are attached as Exhibit 1 and 2. These documents include all process, pleadings, and orders in Defendants' possession as required by 28 U.S.C. § 1446(a).

3. To date, upon information and belief, neither Defendant Chase nor Defendant FNMA have been served with a Summons and Complaint. The Oakland County Circuit Court docket does show a proof of service relating to service of the Complaint upon a non-party entity, Federal Home Loan Mortgage Corp. According to that proof of service, the Complaint was served via certified mail on

2

Federal Home Loan Mortgage Corp on November 25, 2014. This date is consistent with Plaintiff's counsel's representation to Defendants that the Complaint was served upon Defendants on November 25, 2014. Thus, the Complaint was served no earlier than November 25, 2014, and possibly has not yet been properly served on Defendants.

4. This Notice of Removal is filed timely under 28 U.S.C. § 1446(b).

5. This case is a civil action of which this Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff's Complaint purports to assert a federal cause of action against Defendants under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, and the U.S. Bankruptcy Code. (See Complaint, ¶¶ 94–107). This Court has supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367.

6. This case is also a civil action of which this Court has original diversity jurisdiction pursuant to 28 U.S.C. § 1332, because, as set forth below, this action is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest, costs and attorney fees.

7. Plaintiff and Defendants are citizens of different states as described below.

8. For purposes of diversity jurisdiction, a person is a citizen of the state in which he or she is domiciled. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S.

826, 828 (1989). "[D]omicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). Specifically, Plaintiff alleges that she is a resident of Michigan. *See* Complaint, ¶ 1. Moreover, Plaintiff does not allege that she has any intention to leave Michigan. Therefore, upon information and belief, Plaintiff is domiciled in the State of Michigan.

9. Defendant Chase was and is a national banking association. For purposes of diversity jurisdiction, a national banking association is deemed to be a citizen of the state in which it is located. 28 U.S.C. § 1348. A national banking association is "located" in the "State designated in its articles of association as its main office." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006). According to its Articles of Association, Chase Bank's main office is in the City of Columbus, County of Delaware, State of Ohio. Accordingly, at the time this action commenced, and at all times since, including at the time this Notice of Removal is filed, Chase Bank was and is a citizen of Ohio, and is not now and never has been a citizen of the State of Michigan within the meaning of 28 U.S.C. §1332(c).

10. At the time this action was commenced, and all times since, FNMA was and is a federally chartered corporation and "maintain[s] its principal office in the District of Columbia or the metropolitan area thereof and…[is] deemed, for the

4

purposes of jurisdiction and venue in civil actions, to be a District of Columbia corporation." 12 U.S.C. § 1717(A)(2)(B). A corporation is deemed a citizen of its state of incorporation and the state of its principal place of business. Accordingly, FNMA is a citizen of the District of Columbia.

11. Complete diversity exists because Plaintiff is a citizen of Michigan, Defendant Chase is a citizen of Ohio, and Defendant FNMA is a citizen of the District of Columbia.

12. Pursuant to L.R. 81.1(a) and (b) and 28 U.S.C. § 1332(a), the amount in controversy in this action exceeds the sum or value of $75,000.00, exclusive of interest, costs and attorney fees.

13. Plaintiff seeks to set aside a November 4, 2014 sheriff's sale and foreclosure concerning real property, commonly known as 3962 Timberbrook Court Unit 44, Commerce Township, Michigan 48382 ("the Property"),[1] as well as additional injunctive and declaratory relief, and damages. (Complaint, ¶¶ 7, 36, and the requests for relief beneath ¶¶ 56, 64, 73, 78, 85, 93, 107, 113).

14. The sale price at the sheriff's sale of the Property was $304,140.45. The Sheriff's Deed is attached as Exhibit 3.

15. While Defendants deny the allegations in Plaintiff's Complaint, and deny any liability to the Plaintiff, if those allegations are proven to be true, the

---

[1] Plaintiff's Complaint erroneously lists the address as 3692 Timberbrook Court.

5

amount in controversy exceeds the sum or value of $75,000, exclusive of interest, costs, and attorney fees. Specifically, when a plaintiff seeks specific performance, declaratory relief, or injunctive relief, the amount in controversy is measured by "the value of the object that is the subject matter of the action." *Lorimer ex rel. Estate of Lorimer v. Berrelez*, 331 F. Supp. 2d 585, 591 (E.D. Mich. 2004) (citations omitted); *see also Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)) (holding "[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."). Indeed, this Court has held that when a plaintiff seeks to overturn the sale of his property, the sale amount of the property is the amount in controversy. *Thad-Marine v. Mortg. Elec. Registration Sys., Inc.*, 2007 U.S. Dist. LEXIS 49177, at *7 (E.D. Mich. 2007) ("although [p]laintiff failed to specifically allege damages, the property at issue in this case is certainly worth more than the $75,000.00 requisite jurisdictional amount; it sold for $124,115.89.") (unpublished opinion, attached as Exhibit 4.)

16. Here, the object of the litigation, i.e., the Property, is valued at an amount greater than the sum or value of $75,000, as evident in the sale price of $304,140.45 at the November 4, 2014 sheriff's sale. *See* Exhibit 3. Therefore, the

6

amount in controversy is greater than $75,000, exclusive of interest, costs and attorney fees.

17. Defendants desire to remove this action to this Court and submit this Notice, along with the attachments, in accordance with 28 U.S.C. § 1446.

18. A Notice of Filing Notice of Removal and a copy of this Notice of Removal to Federal Court have or will be filed with the Oakland County Circuit Court as required by 28 U.S.C. §1446(d) and copies of the same have been or will be served upon Plaintiff's counsel as verified by the attached proof of service. A copy of the Notice of Filing Notice of Removal is attached (without exhibits) as Exhibit 5.

19. Based upon the foregoing, Defendants are entitled to remove this action to this Court under 28 U.S.C. § 1441, et seq.

WHEREFORE, Defendants respectfully request that this Court take jurisdiction over this action and grant other such relief as the Court deems proper.

Respectfully Submitted,

DYKEMA GOSSETT PLLC

December 19, 2014

By: /s/David M. George
David M. George (P68812)
Alison L. Carruthers (P77745)
Attorneys for Defendants
DYKEMA GOSSETT PLLC
2723 South State St., Suite 400
Ann Arbor, MI 48104
P: (734) 214-7660
dgeorge@dykema.com
acarruthers@dykema.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2014, I electronically filed the foregoing *Notice of Removal to Federal Court*, with the Clerk of the Court using the ECF system, which will send notification of such filing to all ECF participants.

By: /s/David M. George
David M. George (P68812)
2723 South State Street, Suite 400
Ann Arbor, MI 48104
(734) 214-7673
dgeorge@dykema.com

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•2723 SOUTH STATE STREET, SUITE 400•ANN ARBOR, MICHIGAN 48104